United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 16, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-10449
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM CHEN SALEE,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:04-CR-179
---------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

William Chen Salee appeals his sentence following his guilty plea conviction for possession with the intent to distribute more than 50 grams of methamphetamine. For the first time on appeal, Salee asserts that the Government failed to honor its agreement to file a U.S.S.G. § 5K1.1 motion for downward departure if Salee provided information regarding "several other individuals believed to be involved in [the] same drug trafficking conspiracy." Salee asserts that, although he fulfilled his end of the bargain by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

giving the Government useful information, he received no benefit in return.  Because Salee neither shows that the Government bargained away its discretion to file a § 5K1.1 motion nor argues that the Government acted with unconstitutional motive, his downward departure claim is without merit.  See Wade v. United States, 504 U.S. 181, 185-87 (1992); United States v. Urbani, 967 F.2d 106, 110-11 (5th Cir. 1992).

Salee next argues that his sentence, imposed after the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), is unreasonable.  Salee contends that the district court failed to take into consideration his acceptance of responsibility for the charged offense and his "timely cooperation with the Government."  Salee also suggests that the district court failed to consider his serious drug problem and his minimal "involvement in the entire conspiracy" as a "high ranking drug dealer."  Salee further cites alleged district court error in holding Salee accountable for "the actions of other co-conspirators and their drug amounts."  For these reasons, Salee argues that he should have been sentenced below the calculated guideline range.

Post-Booker sentences are reviewed only for "unreasonableness."  United States v. Mares, 402 F.3d 511, 518 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005) (internal quotation marks and citation omitted).  If, in the exercise of discretion, the sentencing judge imposes a sentence within a properly calculated guideline range, we will infer that consideration was afforded all

the factors for a fair sentence set forth in the Guidelines.  <u>Id.</u> at 519.  Moreover, given the deference due the sentencing judge's discretion, we will rarely say that a sentence within the properly calculated Guideline range was unreasonable.  <u>Id.</u>

Here, the district court fulfilled its duty to consider the 18 U.S.C. § 3553 factors and sentenced Salee within a properly calculated Guidelines range.  Accordingly, Salee has failed to demonstrate that his properly calculated guidelines sentence was unreasonable.  <u>See</u> <u>Mares</u>, 402 F.3d at 519.  <u>See also</u> <u>United States v. Alonzo</u>, ___ F.3d ___, No. 05-20130, 2006 WL 39119 at *3 (5th Cir. Jan. 9, 2006) (agreeing with sister circuits that "a sentence within a properly calculated Guideline range is presumptively reasonable.")

AFFIRMED.